UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: PROPULSID : MDL NO. 1355
       PRODUCTS LIABILITY LITIGATION : SECTION "L"
: JUDGE FALLON

THIS DOCUMENT RELATES TO:
*Ronald J. Helberg, et al. v. Janssen Pharmaceutica, Inc., et al.*, No. 01-2510

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Order to Remand to California State Court, County of Sonoma, in consolidated civil action No. 01-2510 captioned *Ronald J. Helberg, et al. v. Janssen Pharmaceutica, Inc., et al.* The motion came on for hearing before the Court on December 14, 2005. For reasons set forth below, the motion is DENIED.

### I. Plaintiffs' Motion for Order to Remand to California Superior Court

On April 10, 2001, Plaintiffs filed a wrongful death action in California Superior Court against Janssen Pharmaceutica, Inc. ("Janssen"). At the same time, plaintiffs also filed a notice of intent to bring an action against David Price, M.D., Carl Anderson, M.D., and John Rich, D.D.S. Under California law, this notice tolled the statute of limitations on claims against the doctors for 90 days. Plaintiffs could have amended their complaint without leave of court within this 90-day period to add the named physicians as defendants in this matter. On May 18, 2001, Janssen removed the action to federal court on the basis of diversity of citizenship. The federal action was subsequently transferred to this Court and was consolidated into *In re Propulsid Products Liability Litigation* MDL-1355.

On July 16, 2001, because the statute of limitations had expired for the first lawsuit, Plaintiffs filed a second state court action with the same factual basis which named only the three physicians. (The second lawsuit was later amended to add Janssen.) The Superior Court of California, County of Sonoma–Civil Division denied Plaintiffs' motion to stay the state court action on the grounds that an identical federal action was pending.

On December 23, 2001, Plaintiffs filed a motion to amend and remand this case to California state court. The proposed amendment would have added as defendants the doctors named in the California state court proceeding. This Court denied that motion in an Order dated June 27, 2002. Pursuant to California Code of Civil Procedure § 340.5, plaintiff had one year from the death of their decedent to file an action against the doctors. Prior to filing that action, Plaintiffs were required to give notice to the doctors. California Code of Civil Procedure § 346. The statute of limitations on plaintiffs' claims against the physicians was tolled for 90 days from the date of service of the notice. *Woods v. Young* (1991) 53 Cal.3d 315. Because Plaintiffs served notice on the doctors on April 5, 2001, the statute of limitations on those claims expired in July 2001. Plaintiffs did not seek to add the defendant physicians until December 2001. In 2002, this Court found that the claims raised against the doctors appeared to have prescribed on the face of the petition. The Court found that the amendment adding the physicians would have been futile; thus, the motion was denied.

Since this motion, there has been no further action taken in this case in this Court. In their memorandum to this Court, Plaintiffs allege that they will opt out of the Settlement Program and proceed with their pending state court action. Plaintiffs further allege that, because Janssen

has been dismissed from the state court action, this Court's order to remand is necessary so that Plaintiffs may pursue their claim against Janssen in that forum.

Although styled under a different name, Plaintiffs' motion appears to be a motion for reconsideration of the Court's 2002 ruling on their Motion to Amend. They have presented no new legal issues. Moreover, Plaintiffs have presented no new facts or evidence that would persuade the Court to reconsider its 2002 ruling. Plaintiffs contend that their claims have been unfairly severed into two actions. However, it was Plaintiffs' own delay in bringing their claims against the physicians that prevented their amendment of the initial lawsuit. While the two separate proceedings appear to be inconvenient, Plaintiffs are entirely responsible for the procedural posture they now find themselves in. Under Federal Rule of Civil Procedure 60(b), the district court may relieve a party of the effects of an order because of mistake, inadvertence, surprise, or excusable neglect, among other reasons. The Court finds that none of these grounds apply to Plaintiffs' motion.

## II. Conclusion

Accordingly, Plaintiffs' Motion for Order to Remand to California Superior Court should be and hereby is DENIED.

New Orleans, Louisiana, this 15th day of December, 2005.

UNITED STATES DISTRICT JUDGE