UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  PROPULSID | : | MDL NO. 1355 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION "L" |
|  | : |  |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| *Patricia Barnes v. Janssen Pharmaceutica,* | : |  |
| *Inc. et al., Civ. Action No. 06-2001* | : |  |
|  | : |  |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

ORDER & REASONS

Pending before the Court is Plaintiff Patricia Barnes' renewal of her Motion to Remand (Rec. Doc. 2334).  For the following reasons, the motion is DENIED.

On September 6, 2002, the Plaintiff, a Mississippi resident, filed a complaint in the Circuit Court of Tunica County, Mississippi against Baptist Memorial Hospital-De Soto, a Mississippi corporation; various individual healthcare providers who were residents of Mississippi and Tennessee; Janssen Pharmaceutica, Inc. ("Janssen"), a New Jersey corporation; and Johnson & Johnson, also a New Jersey corporation.  All defendants, save Janssen and Johnson & Johnson, were voluntarily dismissed by the Plaintiff through stipulation and court orders dated March 6, 2003, June 17, 2004, July 20, 2004 and November 4, 2005.  On November 18, 2005, Janssen and Johnson & Johnson removed the action to the United States District Court for the Northern District of Mississippi based on diversity jurisdiction, as the parties were completely diverse following dismissal of the remaining Mississippi resident Defendant on November 4, 2005.

The Plaintiff filed a Motion to Remand on December 7, 2005, contending that the

removal violated 28 U.S.C. § 1446(b) as more than one year had lapsed between the filing date, September 6, 2002, and the removal date, November 18, 2005.  Before any action was taken on the motion, the case was transferred to this Court pursuant to an order of the Multi District Litigation ("MDL") Panel.   The case was consolidated in the above-captioned litigation, MDL No. 1355, on August 25, 2006, and the Plaintiff now files a renewal of her Motion to Remand filed in the Northern District of Mississippi.

After a review of the parties' briefs, the Court finds that remand is not appropriate.  28 U.S.C. § 1446(b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  In the present diversity case, the removal deadline pursuant to section 1446(b) is September 6, 2003, well before the Defendants' actual removal date of November 18, 2005.  However, the one year time limit is subject to equitable exceptions.  "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may requires that the one-year limit in § 1446(b) be extended." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003).

The Court finds that equity demands that the one year time limit in section 1446(b) be tolled in this case.  The Plaintiff delayed dismissal of all non-diverse Defendant healthcare providers until November 5, 2005, over three years after her suit was filed.  The Plaintiff does not dispute Janssen and Johnson & Johnson's assertions that the Plaintiff served no discovery on the Defendant healthcare providers, none of their depositions were ever taken, and the Plaintiff never identified any experts to offer opinions again them.  The Plaintiff has not given any justifiable reason for dismissing these non-diverse Defendants over three years after suit was

filed. Moreover, Johnson & Johnson and Janssen rapidly protected their removal rights by filing a notice of removal two weeks after the last non-diverse Defendant was voluntarily dismissed by the Plaintiff.

The Court finds that the Plaintiff's actions constitute forum manipulation, and an equitable exception to the one-year limit on removal shall be permitted. Accordingly, the Plaintiff's motion is DENIED.

New Orleans, Louisiana, this  5th  day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE