UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  PROPULSID | : | MDL NO. 1355 |
|  | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION "L" (4) |
|  | : |  |
|  | : | JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO ALL CASES:**

## ORDER AND REASONS

Before the Court is Plaintiff Beverly Foreman Maricelli's Motion for Extension of Time to File Appeal to Dismissal, and Alternatively, Motion to Reconsider Motion to Remand. (R. Doc. 4584). The Court has reviewed the submitted memoranda and applicable law and now issues its Order and Reasons.

**I. BACKGROUND**

Maricelli filed her claim in December of 2002, and it was thereafter transferred to this MDL in 2003. On August 27, 2012, the Court entered an Order of Dismissal with Prejudice dismissing Maricelli's claim on account of her failure to prosecute it. Pursuant to Rule 4(a)(1)(a) of the Federal Rules of Appellate Procedure, the thirty-day time period for filing a Notice of Appeal accordingly expired on September 26, 2012.

**II. PRESENT MOTION**

Maricelli filed the instant Motion on October 2, 2012. Maricelli states that she "is still in the process of obtaining new counsel to represent her in an appeal . . . and needs an additional twenty (20) days in which to obtain new counsel." (R. Doc. 4584-1, p.2). Maricelli also states that she is "entitled to additional time to file an appeal in view of the fact that she registered with

the Court's CM/ECF system and monitors each receipt," citing *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 372 (6th Cir. 2007).

Defendants filed an opposition to Maricelli's Motion.  (R. Doc. 4604).  In it, Defendants point out that Maricelli's case languished for nearly a decade with no action on her part, either outside or within the MDL.  Defendants also emphasize that Maricelli indicates no facts that would constitute excusable neglect or good cause either in her previous failure to prosecute or her current failure timely to file a notice of appeal.

### III. LAW AND ANALYSIS

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure applies to the instant Motion, and states, in pertinent part: "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  When evaluating excusable neglect under this Rule, the United States Court of Appeals for the Fifth Circuit has applied the following standard: "The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (internal citations and quotation marks omitted).

After considering all of the relevant facts and circumstances of this case, including Maricelli's failure to take any action to prosecute her case for over ten years, the Court finds that

an extension of time to appeal is inappropriate.  Maricelli's filings include no facts or explanation that could constitute excusable neglect.  Although Maricelli claims to be in the process of seeking appellate counsel, she is not unrepresented, and presumably her trial counsel was not incapable of timely filing a notice of appeal.

Maricelli's reliance on the United States Court of Appeals for the Sixth Circuit's decision in *Kuhn v. Sulzer Orthopedics, Inc.* is misplaced.  Far from holding that a district court abuses its discretion by denying an extension when an attorney has registered with the CM/ECF system, the *Kuhn* court in fact held the opposite.  498 F.3d 365, 372 (6th Cir. 2007) ("We do hold . . . that the district court did not abuse its discretion in denying the Kuhns's motion [under Rule 4(a)(6)] where their counsel opted not to register his email address with the Court's EM/ECF [sic] system and then failed to monitor the electronic docket.")

Because the Court has dismissed Maricelli's claim with prejudice, there is no remaining claim that could be the subject of a remand order.  Accordingly, the Court denies the Motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Beverly Foreman Maricelli's Motion for Extension of Time to File Appeal to Dismissal, and Alternatively, Motion to Reconsider Motion to Remand, Record Document 4584, be and is hereby **DENIED**.

New Orleans, Louisiana, this 26th day of October, 2012

_____
UNITED STATES DISTRICT JUDGE